23 C.C.P.A. (Patents)

## In re HORNE.

### Patent Appeal No. 3642.

Court of Customs and Patent Appeals.
June 1, 1936.

BLAND, Associate Judge, dissenting.

———◆———

Stone, Boyden &· Mack, of Washington, D. C. (J. Hanson Boyden, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner rejecting, for want of patentability in view of the cited prior art, appellant's application for a design patent; the claim reading as follows: "The ornamental design for a climbing structure, as shown."

The references relied upon are:
Linscott, 116,606, July 4, 1871.
Wheeler, 910,250, January 19, 1909.
Hinton, 1,488,245, March 25, 1924.
Haskell, 1,901,964, March 21, 1933.
Patterson, 1,929,822, October 10, 1933.

The design relates to playground apparatus. The drawing discloses that it is substantially hexagonal in form and consists of a framed structure comprising a central post and six peripheral posts said peripheral posts being connected with each other by a series of horizontal rods or bars and with the central post by sets of equally spaced similar rods or bars radiating from the central post. Both the posts and the rods or bars are round in cross-section.

The patent to Linscott relates to a folding clothes drier, and the drawing discloses a central post from which radiate horizontal members to peripheral posts. Said peripheral posts are connected to each other by cords. The posts and bars are rectangular in form.

The patent to Wheeler relates to a clothes rack and discloses substantially the same general features as are shown in the Linscott patent.

The other three references disclose climbing structures for children. Of these three the Board of Appeals considered the patent to Patterson to be the most perti-

nent, and we are in agreement with this view. The structure disclosed by the Patterson patent consists of a number of vertical supports arranged in a circle. Disposed at the center of the circle is another support. Annular members are positioned at vertically spaced intervals upon the circle of supports. A number of rods radiate from the central post and rest upon the annular members and are arranged at spaced intervals. Arranged concentrically with the said annular members are a plurality of similar members of a lesser diameter, and resting upon the radial rods.

We deem it unnecessary to describe the structures disclosed in the patents to Haskell and Hinton, for they are much less pertinent to the issue before us than is the patent to Patterson.

It is conceded that appellant's design is new, original, and ornamental, and we think that it is very strikingly so. The question is: Did its production involve the exercise of the inventive faculty in view of the cited prior art?

The Board of Appeals in its decision stated: "It seems to us applicant has done no more than take the old type of structure disclosed in Patterson, for instance, and give it substantially the shape disclosed in Linscott. It is true Linscott's device has five sides and applicant's has six sides but this difference is hardly noticeable. Furthermore, the mere substitution of one well known geometrical shape for another does not amount to invention (Knapp vs. Will and Baumer Co., 1921 C. D. 285). We consider the claim not allowable over the cited art."

We are constrained to disagree with the conclusion of the Board of Appeals. We cannot agree that appellant's design is substantially of the same shape shown by Linscott. It does not seem to us that appellant's design would be obvious or suggested by the structures disclosed in the references. Appellant's design has many elements, is quite complicated, and even though it may be said that, broadly speaking, none of its features considered separately are new, yet the combination as a whole involved, we think, the exercise of the inventive faculty.

Accordingly, the decision of the Board of Appeals is reversed.

Reversed.

BLAND, Associate Judge, dissents.